UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODRIGO A. GONZALEZ GARCIA,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>PEOPLE,<br><br>　　　　　Respondent. | No. 2:20-cv-0879-EFB P<br><br><br>ORDER |

Petitioner, proceeding pro se, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He has also filed an application to proceed in forma pauperis which makes the required showing and will be granted. ECF No. 5. The instant petition, however, does not state a cognizable habeas claim for the reasons explained below.

I.　　Legal Standards

The court must dismiss a habeas petition or portion thereof if the prisoner raises claims that are legally "frivolous or malicious" or fail to state a basis on which habeas relief may be granted. 28 U.S.C. § 1915A(b)(1),(2). The court must dismiss a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief[.]" Rule 4, Rules Governing Section 2254 Cases.

/////

/////

## II. Analysis

The court has reviewed the petition and cannot discern the nature of petitioner's claims. On the first page of the petition, petitioner alleges that his constitutional rights under the Fifth, Sixth, and Eighth Amendments have been violated. ECF No. 1 at 2. Separately and more specifically, he claims that: (1) his right to effective assistance of counsel was violated insofar as his attorney was conflicted in some unspecified way; (2) that his right to a speedy trial was violated; and (3) that the conditions in the Shasta County Jail pose an unreasonable risk of harm due to the current Coronavirus pandemic. *Id.* The court has reviewed the remainder of the petition and cannot discern what facts, if any, support each of the foregoing claims. The petition, while only six pages total, is densely packed with legal non-sequiturs. Petitioner cites cases and offers broad, conclusory articulations of law, but never sufficiently delves into the particulars of his own conviction. The reader simply cannot track the arc of petitioner's conviction and determine when and how each of the aforementioned violations is alleged to have occurred. Thus, the petition is deficient. *See Mayle v. Felix*, 545 U.S. 644, 655-56 (2005) (noting that Rule 2(c) demands that habeas petitioners plead their claims with particularity so that district courts can determine whether the state should be ordered to show cause why the writ should not be granted or whether the petition should be summarily dismissed without ordering a responsive pleading). Accordingly, the court will dismiss the petition with leave to amend so that petitioner may better articulate his claims.[1]

## III. Conclusion

In light of the foregoing, it is ORDERED that:

1. Petitioner's application to proceed in forma pauperis (ECF No. 5) is GRANTED; and

/////

/////

/////

---

[1] The court has reviewed the additional "supplement" petitioner filed and has determined that it does not remedy the deficiencies identified in this order. Further, allowing petitioner to amend will ensure that all of his claims and supporting facts are contained in one pleading rather than

2.  The petition (ECF No. 1) is DISMISSED with leave to amend.  Petitioner shall file an amended petition within thirty (30) days from the date of service of this order.  Failure to comply with this order may result in a recommendation that this action be dismissed.

DATED:  June 22, 2020.

_/s/ Edmund F. Brennan_
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE